## THE NO. 223.

### Petition of CENTRAL R. OF NEW JERSEY.

(District Court, S. D. New York. March 8, 1920.)

No. 561.

**Damages ⬦132(6)—$5,778, for crushed leg, not excessive.**
    Claimant awarded $5,778 damages for the crushing of his leg; it being
shown that he was a longshoreman, 45 years old, earning from $22 to $25
per week, that he was in hospital 74 days, had three operations, was con-
fined to his house over a year, and is permanently disabled for doing
anything except light work.

In Admiralty. In the matter of the petition of the Central Railroad
of New Jersey, owner of the lighter No. 223, for limitation of liability.
On exceptions to report of special commissioner awarding damages to
claimant, John Spillan, for personal injury. Report confirmed.
    Decree affirmed 271 Fed. 532.

De Forest Bros., of New York City (James T. Kilbreth, of New
York City, of counsel), for petitioner.
    J. Arthur Hilton, of New York City, for claimant.

AUGUSTUS N. HAND, District Judge. John Spillan, the claimant,
according to the decision of this court, suffered injuries from the negli-
gence of the petitioner. The matter was referred to Edward L.
Owen, as special commissioner, to report on damages, and it now
comes before me on exceptions to the commissioner's report allowing
damages in the sum of $5,778, the full amount realized from the sale
of lighter No. 223, in the limitation proceeding.

Spillan's left foot was caught by a hawser on his boat, and as a
result the bones were broken and the leg crushed. He was in a Long
Island hospital 74 days, went from there to his home, and remained
confined to the house over a year. During this period he had three
different operations upon the wound and it remained open for about
one year and three months after the date of the injury, which was on
April 12, 1917.

He testified that prior to the time of the accident he was earning
from $22 to $25 a week wages as a longshoreman; that after the
accident he attempted to do light work as a porter, and obtained em-
ployment for 10 weeks at wages from $14 to $16 a week, but could not
continue, owing to pain and disability of his leg. He testified, like-
wise, that he had not tried since the time of this employment to secure
other work, because he knew it was useless.

The physician who attended him in the hospital has been abroad,
so that he was not called. A physician whom he employed to examine
him during the trial testified that his ankle was permanently disabled,
that there was a general inflammation of the ankle joint, interference
with the circulation, a limp in walking, and that the conditions were
permanent. He identified four scars due to operations.

I have no doubt that the disability of the claimant is exaggerated,

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and I am not impressed with his claim that he could obtain and do no work. I see no reason to doubt, however, that he had a serious injury, which confined him to the house for a year and three months, made several operations upon his leg necessary, and resulted in a permanent impairment of the limb, which is likely to prevent him from doing heavy work in the future. He is 45 years old.

If his loss, at a rate of wages paid to a longshoreman during the one year and three monthhs prior to his securing work, and the succeeding period ending at the date of the hearing before the commission on May 2, 1919, be taken at the rate of $22 a week, the period would cover approximately 107 weeks, aggregating $2,354, from which should be subtracted the amount which he earned during the 10 weeks he was employed, leaving as his damages up to that date the sum of $2,194. Upon the assumption that he might, from the date of the hearing, obtain wages at a loss of only $6 a week, and that his expectancy of life was then 10 years, his damages would be the present worth of $3,120.

The present worth of this sum of $3,120 would approximate $2,000. The actual damages, without any allowance for damages as compensation for pain and suffering, would therefore amount to about $4,200. This calculation is upon the assumption that, if the accident had not happened, the claimant could have got no higher wages during the period succeeding April 12, 1917, than he earned before; whereas, as a matter of fact, it is well known that wages for manual labor have enormously increased. It also assumes that since May 2, 1919, the impairment of the claimant's leg represented a loss in earning capacity of only $6 per week, a figure which I am inclined to think is extremely low. Indeed, what proof there is would indicate that at the time of the hearing the claimant was not in condition to work in any remunerative way.

Under all the circumstances, I think the allowance of the commissioner of $5,778 to cover estimated past and future loss of earnings, bodily impairment, and pain and suffering, is reasonable, and should be confirmed.